UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    12 CIV 2843

LEA PI, on behalf of herself and all others similarly situated,

                Plaintiff,                              COMPLAINT

-vs.-                                                12 CV _____

BANK OF AMERICA CORPORATION,          Class Action

                Defendant.                            Jury Demanded

Comes now LEA PI ("Pi" or "Plaintiff"), on behalf of herself and all others similarly situated, and alleges as follows:

1. Plaintiff is bringing this action on behalf of herself and all others similarly situated against Bank of America Corporation (hereinafter "BOA" or "Defendant") for Defendant's violations of New York General Business Law ("GBL") § 399-p. In short, within the last three years, Defendant, using an automatic dialing-announcing device, has made over 100,000 calls to Plaintiff and thousands of other persons in New York State and left prerecorded messages that did not contain the address of the person or entity on behalf of whom the calls were being made. These calls violated GBL § 399-p(3), which prohibits any person to place a telephone call using an automatic dialing-announcing device that does not state at the end of the message, among other things, the address of the person or entity on whose behalf the call is being transmitted. Accordingly, Plaintiff brought this class action for Defendant's violations GBL § 399-p.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, Plaintiff's and the Class' GBL § 399-p claims exceed the

sum or value of $5,000,000, exclusive of interest and costs, involve thousands of class members and is a class action in which at least one member of the class, i.e., Plaintiff, is a citizen of a state different from Defendant.

3. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4. Plaintiff is a citizen of New York State and resides in New York, New York.

5. Upon information and belief Defendant is a Delaware corporation with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina 28255.

## STATUTORY BACKGROUND

6. GBL § 399-p(3) provides that "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

7. GBL § 399-p(1)(a) defines "automatic dialing-announcing device" as "any automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator."

8. GBL § 399-p(9) provides that any person who receives a telephone call in violation of, among other things, GBL § 399-p(3), may bring a cause of action to enjoin such

2

unlawful act or practice, to recover actual damages or statutory damages of $50, whichever is greater, and for reasonable attorney's fees and costs.

## DEFENDANT'S ILLEGAL CONDUCT

9. Upon information on or about January 16, 2012, Defendant, without an operator, called Plaintiff on her home telephone using automatic equipment that incorporated a storage capability of telephone numbers to be called, and which worked alone or with other equipment, to disseminate a prerecorded message to the telephone number called. Said automatic equipment shall hereinafter be referred to as "the autodialer".

10. During its January 16, 2012 telephone call to Plaintiff's home telephone, Defendant left the following prerecorded message on Plaintiff's voice mail: *Music*. "This is Bank of America calling about a change in the status of the account for Leaton Pi. Please have him call us today at 1-888-800-9029. Again, that number is 1-888-800-9029. Thank you for Bank of America. Goodbye."

11. Upon information and belief, from three years prior to the date filing of the instant Complaint to the date of the filing of the instant Complaint, Defendant, without an operator, used the autodialer described above to make over 100,000 calls, to thousands of persons in New York State, that contained prerecorded messages that were identical or substantially similar to the January 16, 2012 prerecorded message Defendant left for Plaintiff described above.

12. Nothing in federal, state or local law prohibited or otherwise restricted the Defendant from including its address in the prerecorded messages it left described in the preceding paragraph.

## CLASS ALLEGATIONS

13. Plaintiff brings this class action for Defendant's violations of GBL 399-p on behalf of herself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

14. Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

All persons in New York State from three years prior to the filing of the instant Complaint to the date of the filing of the instant Complaint, whom Defendant called using the autodialer, where the calls contained a prerecorded message identical or substantially similar to the prerecorded message, described above, that Defendant left for Plaintiff on January 16, 2012.

15. Numerosity: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

16. Upon information and belief the Class contains at a minimum thousands of members.

17. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

18. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

19. Typicality: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the class are based on the same legal theories

and arise from the same unlawful conduct.

20. Plaintiff and members the Class each received one least one telephone call from Defendant that Defendant's placed using an autodialer, and the pre-recorded message of the autodialer in each of those calls was identical or substantially similar to the messages Plaintiff received from Defendant described above.

21. <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class.

22. The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of calling Plaintiff and the members of the Class using the autodialer with a precorded message identical or substantially similar to the prerecorded message Defendant left for Plaintiff, described above, violates GBL § 399-p?

(b) Whether Plaintiff and the members of the Class are entitled to statutory damages for Defendant's acts and conduct; and

(c) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct?

23. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts and class action litigation.

24. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

27. By Defendant's above-described conduct Defendant committed over 100,000 violations of GBL § 399-p(3) against Plaintiff and the Class.

28. Accordingly, Plaintiff and the Class are entitled to statutory damages under GBL § 399-p(9) of greater than $5,000,000 and attorney's fees and costs of this action.

29. In addition, Plaintiff and the Class are entitled to an injunction against Defendant ordering Defendant to cease its violations of GBL § 399-p.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firms representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of statutory damages in excess of $5,000,000 pursuant to GBL § 399-p(9) for Defendant's violations GBL § 399-p(3)

C. An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating GBL § 399-p.

D. An award to Plaintiff and the class of attorney fees and costs incurred in bringing this action; and

E. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
       April 10, 2012

                              Respectfully submitted,

                              SCHLAM STONE & DOLAN LLP

By:     Jeffrey M. Eilender
26 Broadway
New York, New York 10004
Tel: (212) 344-5400
Fax: (212) 344-7677
E-mail: jme@schlamstone.com

                              -and-

Bellin & Associates LLC
Aytan Y. Bellin
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Class*